### Svetlana Vladimirovna AKINSHINA et al., Petitioners

v.

### Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71777.

Agency Nos. A79–282–078, A79–282–079.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2005.*

Decided Jan. 9, 2006.

Alexa L. Forte, BTI International Law Office LLC, Lake Oswego, OR, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GRABER and RAWLINSON, Circuit Judges, and OTERO,** District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable S. James Otero, United States District Judge for the District of Central California, sitting by designation.

MEMORANDUM***

Petitioner Svetlana Vladimirovna Akinshina and her minor son[1] appeal the denial of their application for asylum and withholding of removal issued by an immigration judge (IJ) and the Board of Immigration Appeals (BIA). Where, as here, the BIA issues a separate decision, the court reviews the BIA's decision and those portions of the IJ's decision expressly adopted by the BIA. *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). Legal determinations are reviewed *de novo, Agyeman v. INS,* 296 F.3d 871, 876 (9th Cir. 2002), while findings of fact are reviewed for substantial evidence, *Guo v. Ashcroft,* 361 F.3d 1194, 1203 (9th Cir.2004).

1. Petitioner cannot show that substantial evidence compels the conclusion that she suffered past persecution or has a well-founded fear of persecution on account of her Pentecostal religious beliefs. *See Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1988). Although Petitioner experienced acts of violence while in her country of origin, she failed to show that these acts of violence, if rising to the level of persecution, were "on account of" her religion. *INS v. Elias–Zacarias,* 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

2. We decline to consider Petitioner's Convention Against Torture (CAT) claim because she failed to exhaust her administrative remedies. Following the immigration judge's finding that Petitioner had not presented evidence to support her CAT claim, Petitioner failed to pursue the appeal of the CAT claim before the BIA. Hence, this court lacks jurisdiction to consider Petitioner's CAT claim. *Zhang v.*

*Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004) (per curiam).

PETITION DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Pavel Sergeyevich Akinshin is the minor child of Akinshina and his asylum claim is entirely derivative of his mother's claims for relief. See 8 U.S.C. § 1158(b)(3) (1999).